IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMEL M. FORD,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>THERESA DELBALSO, et al.,<br><br>　　　　　　Respondents. | CIVIL ACTION<br>NO. 18-752 |

## ORDER

**AND NOW**, this 10th day of February 2021, upon consideration of Petitioner's Amended Petition for a Writ of Habeas Corpus (Doc. No. 29), Respondents' Response in Opposition (Doc. No. 32), Petitioner's Reply (Doc. No. 38), the Report and Recommendation of United States Magistrate Judge David R. Strawbridge (Doc. No. 40), Petitioner's Objections to the Report and Recommendation (Doc. No. 43), and in accordance with the Opinion of the Court issued this day, it is **ORDERED** as follows:

1. The Report and Recommendation (Doc. No. 40) is **APPROVED AND ADOPTED**.

2. The Amended Petition for a Writ of Habeas Corpus (Doc. No. 29) is **DENIED**.

3. A Certificate of Appealability **SHALL NOT** issue because, based on the analysis contained in the Magistrate Judge's Report and Recommendation, as approved and adopted by this Court, a reasonable jurist could not conclude that the Court is incorrect in denying and dismissing the Habeas Petition.  See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

4. Petitioner's Motion to Compel Compliance Pursuant to Federal Rule of Civil Procedure 26.1(g) (Doc. No. 48) is **DENIED AS MOOT**.[1]

5. The Clerk of Court shall close this case for statistical purposes.

BY THE COURT:

/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.

---

[1] On September 21, 2020, Petitioner moved to Compel Compliance Pursuant to Fed. R. Civ. P. 26.1(g), which was filed of record on October 8, 2020. (Doc. No. 48.) In this Motion, he asks the Court to "compel the Assistant District Attorney of Philadelphia County to forward to Petitioner all copies of the requested discovery materials[,]" referring to: (1) 37 crime scene photos, (2) the criminal backgrounds of Stephanie Ann Wilcox and Haneef J. Dyches, and (3) Dyches' case file. (See id. at 1-2.) Petitioner requests this discovery so that he can file his Objections to the Report and Recommendation, and states that he "intends to file his objections upon obtaining the requested documents." (Id.) However, Petitioner already filed Objections to the Report and Recommendation one month before filing this Motion. (See Doc. No. 43.)

Petitioner's Motion to Compel reiterates the same requests as his prior two motions to compel discovery filed on January 28, 2019 (Doc. No. 20) and June 20, 2019 (Doc. No. 27). Magistrate Judge Strawbridge resolved both motions—denying the first motion in its entirety, and only granting the disclosure of the Assistant District Attorney's "notes of testimony from trial" on the second motion. (See Doc. Nos. 22, 33.) In denying the requests made in both motions for copies of "all discovery materials" from the Philadelphia Assistant District Attorney, Judge Strawbridge explained that "Petitioner has not described how the documents relate to the issues in his habeas petition[,]" and noted that "Petitioner misunderstood the [c]ourt's March 15, 2018 order [(Doc. No. 5)] for a copy of the state court record. The Order did not direct the District Attorney to serve *Petitioner* with these records but rather for the Court of Common Pleas to provide the records *to this federal district court* for our review as we consider his petition." (Ids.) (emphasis in original).

Because the third Motion to Compel requests the same documents for the same reasons as the previous two motions (see Doc. No. 48 at 1-2), which were properly resolved by Magistrate Judge Strawbridge, and because Petitioner has already filed Objections to the Report and Recommendation (see Doc. No. 43), Petitioner's Motion to Compel (Doc. No. 48) will be denied as moot.